David W. Elmquist- SBT #06591300
**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339 (direct)
(972) 923-0430 (fax)

**ATTORNEY FOR DIANE G. REED,
CHAPTER 7 TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| TAVA HEARD SMITH, | § | CASE NO. 14-33597-BJH-7 |
| | § | (Chapter 7) |
| Debtor. | § | **No Hearing Requested** |

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF
CERTAIN ASSETS OF THE DEBTOR'S ESTATE (REMNANT ASSETS)
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363**

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TEXAS 75242, ON OR BEFORE CLOSE OF BUSINESS TWENTY-ONE (21) DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE TRUSTEE PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON THIS MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT, OR THE NOTICE ACTION MAY BE TAKEN.

TO THE HONORABLE BARBARA J. HOUSER, UNITED STATES BANKRUPTCY JUDGE:

Diane G. Reed, the Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate")

of Tava Heard Smith (the "Debtor"), hereby requests the entry of an order approving the sale of

certain assets of the Debtor's estate to Argo Partners ("Argo") free and clear of liens, claims,

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE
DEBTOR'S ESTATE (REMNANT ASSETS) – Page 1**

interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 (the "Motion"). In support of the Motion, the Trustee respectfully states as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a) and 363, as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure.

### Introductory Statement

3. In support of this Motion the Trustee has attached hereto as **Exhibit B** her affidavit which sets forth the factual basis and business justification for this sale.

### Background

4. On July 30, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code"), initiating the above-referenced case with this Court. The Trustee was appointed the chapter 7 trustee.

5. The Debtor filed her original Schedules on the Petition Date (the "Schedules").[1]

6. On August 26, 2014, the Section 341 meeting of creditors was commenced (the "341 Meeting"). As a result of questioning by the Trustee, additional assets were disclosed.

7. On August 29, 2014, the Debtor filed her Amended Schedule B[2] to list the additional assets disclosed at the 341 Meeting (the "Amended Schedule B"). These assets were described as follows and scheduled as value "unknown":

---

[1] Docket No. 1.
[2] Docket No. 13.

TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE (REMNANT ASSETS) – Page 2

B.21. Claim for recovery of investment in Retirement Value LLC. Debtor initially invested $150,000 in December 2009. Retirement Value, LLC, is currently in receivership. State of Texas vs. Retirement Value, LLC, et al. Cause No. D-1-GV-10-000454, in the 126th District Court, Travis County, Texas. Eduardo Espinosa is the Receiver. Debtor is unable to estimate recovery or determine value of this claim. Estimate shall not limit recovery on the merits. (Referred to hereafter as the "Retirement Value Claim").

B.25. Potential claim for mismanagement of investments against Milkie Ferguson Investments Inc, and/or Jackson Life Insurance Company. Initial investment $300,000 in May 2005. Investment losses through 2012 depleted entire investment. Debtors [sic] understands Milkie Ferguson Investments has been dissolved. Thus, Debtor believes it unlikely that this claim is recoverable. Estimated value shall not limit recovery upon trial on merits. (Referred to hereafter as the "Milkie Ferguson Claim").

8. Following the Debtor's testimony regarding the foregoing claims and the Trustee's receipt of documents regarding such claims, the Trustee, through counsel, investigated the Milkie Ferguson Claim and determined there were no viable claims to pursue. The Trustee, through counsel, also investigated the Retirement Value Claim and verified that the Debtor's Estate holds a claim in the Retirement Value receivership in the amount of $134,195.69 and that the receiver had made periodic distributions. In April 2016, the Debtor received a distribution from the receiver on the Retirement Value Claim of $4,657.20 that she did not remit to the Trustee, but after a demand made by Trustee's counsel was turned over to the Trustee. However, no distributions have been made by the receiver since that time, and it is unknown when distributions will resume. As of September 30, 2019, the receiver estimated a liquidation recovery of $.35 on investors' claims, which would mean a value of $46,968.60 on the Retirement Value Claim.

9. The Trustee, through counsel, began soliciting offers to purchase the Retirement Value Claim over a year ago. Several potential purchasers were contacted; however, only two offers were received. The highest offer received was from Argo in the amount of $12,500.00 (the "Purchase Price") for not only the Retirement Value Claim but all known or unknown assets or claims, which have not been previously sold, assigned, or transferred (collectively, the "Remnant

**TRUSTEE'S MOTION FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE (REMNANT ASSETS) – Page 3**

Assets"). Potential unknown assets might include unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future.

10. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit of creditors in accordance with the Trustee's power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

11. The Trustee has conducted due diligence and remains unaware of the existence of any Remnant Assets, other than as set forth above, and certainly none that could return value to the Estate greater than the Purchase Price. Accordingly, the Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

12. Remnant Asset sales have become commonplace at the close of commercial bankruptcy cases because they allow for additional funds to be brought into the estate, while simultaneously avoiding the expense and burdens associated with reopening cases for later-discovered assets. Such sales provide a prudent way to fully and finally administer all assets of a debtor's estate.

13. The Trustee and Argo have negotiated an Asset Purchase Agreement (the "APA") for the sale of the Remnant Assets, attached hereto as **Exhibit A**.

### Requested Relief

14. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Bankruptcy Rule 6004, (a) authorizing the Trustee to sell the

Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the APA.

15. The APA generally provides for a purchase price of $12,500.00 for all Remnant Assets to be paid by Argo to the Trustee for the benefit of the Debtor's Estate. However, the Trustee reserves the right to sell to a third party other than Argo if a materially higher offer, as determined by the Trustee, is received. If a materially higher offer is received by the Trustee prior to the objection deadline on this Motion and Argo is still interested in purchasing the Remnant Assets, then the Trustee, through counsel, will establish an auction sale process and amend this Motion.

16. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, outweighs the potential benefit of retaining the Remnant Assets. Finally, the Trustee believes that the delay in closing this case while waiting on further distributions on the Retirement Value Claim, and the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

## Authority for Requested Relief

17. Section 363(b)(1) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Moreover, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

18. To approve the use, sale or lease of property outside the ordinary course of business, the Court must find that such sale is supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996); *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143 (3d Cir. 1986) (requiring good faith purchasing); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991) (holding that transactions should be approved under section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

19. A trustee's showing of sound business judgment, in turn, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992).

20. The Trustee submits that the sale of the Remnant Assets pursuant to the APA represents a prudent and proper exercise of the Trustee's business judgment under the

circumstances, and is in the best interests of creditors of the Debtor's Estate. Specifically, the APA was negotiated at arm's length and in good faith, and the Trustee believes that the Purchase Price is reasonable and represents fair value. Indeed, other than the Retirement Value Claim, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered, and absent the sale to Argo, the Debtor's Estate would not realize any benefit on account of the Remnant Assets. Therefore, the Trustee respectfully requests that the Court approve the sale of the Remnant Assets to Argo.

21. Moreover, based on the foregoing, Argo should be deemed a good faith purchaser. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d at 147; *see also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); and *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

22. Additionally, Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, if subject to the rights and defenses of a debtor with respect thereto:

    a. Applicable nonbankruptcy law permits sale of such property free and clear of such interest;

    b. Such entity consents;

    c. Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    d. Such interest is in bona fide dispute; or

  e. Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). As § 363(f) is stated in the disjunctive, when proceeding pursuant to § 363(b), it is only necessary to meet one of the five conditions of § 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

23. Based on a review of the Debtor's Schedules and the proofs of claim filed in this case, no known liens, claims, or encumbrances are known to exist with respect to the Remnant Assets. However, in the event that the interest of a third party is discovered prior to the expiration of the deadline for objections to this Motion, the Trustee shall request that the sale of the Remnant Assets be conducted pursuant to 11 U.S.C. § 363(f), free and clear of all liens, claims, interests, or encumbrances, with any lien or liens attaching to the net sale proceeds in the same lien priority that existed on the Petition Date.

### Waiver of Stay of Order

24. To successfully implement the APA, the Trustee also seeks a waiver of the fourteen-day stay under Bankruptcy Rule 6004(h).

### Notice

25. Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Argo, and all parties who have filed claims or requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits, and requests that this Court determine, that such notice is proper and adequate; no further notice is required; and that other and further notice be waived.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets to Argo pursuant to the terms of the APA, or the highest bidder as determined by the Trustee in the event of an auction, waiving the fourteen-day stay under Bankruptcy Rule 6004(h), and granting such other and further relief as this Court deems just and proper.

Dated: January 31, 2020.   Respectfully submitted,

REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

By: /s/ David W. Elmquist
David W. Elmquist – SBT #06591300

**ATTORNEYS FOR DIANE G. REED,
CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

This is to certify that on January 31, 2020, a true and correct copy of the foregoing Motion was served electronically on all registered ECF users in this case, and by United States first class mail on all parties on the attached Service List.

/s/ David W. Elmquist
David W. Elmquist

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (the "Agreement"), dated as of January 30, 2020, is by and between **DIANE G. REED, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the bankruptcy estate of TAVA HEARD SMITH** ("Debtor") and **ARGO PARTNERS** ("Purchaser").

**WITNESSETH:**

**WHEREAS**, on July 30, 2014, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division ("Bankruptcy Court"), assigned Case No. 14-33597-BJH-7 (the "Bankruptcy Case") and the Trustee was appointed as chapter 7 trustee of the Debtor's bankruptcy estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future there may be property of the Debtor's estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, subject to Bankruptcy Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. **Purchase Price.** The Purchase Price shall be good funds in the amount of Twelve Thousand Five Hundred and No/100 Dollars ($12,500.00) payable within five (5) business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Bankruptcy Court approving this Agreement.

2. **Assignment of Remnant Assets.** Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. **Authority to Sell.** The sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. **Payments Received on Remnant Assets.** Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser


EXHIBIT A

at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** Notwithstanding any other provision of this Agreement, the parties agree that Purchaser is acquiring only the Remnant Assets and rights and interests related thereto, and that Purchaser is not acquiring or assuming, nor shall it be deemed to have acquired or assumed, any liabilities or obligations of any Seller or its affiliates of any kind or nature, whatsoever, whether arising out of, or in connection with, the Remnant Assets, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in acceptance with the internal laws of the State of Texas without giving effect to choice of law principles of the State of Texas.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signature shall be equivalent to original signatures.

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**ARGO PARTNERS**

By: _____
Name: Scott Krochek
Its: Senior VP

Address: 12 West 37th St 9th Fl
NY, NY 10018

**BANKRUPTCY ESTATE OF TAVA HEARD SMITH**

By: _____
Name: DIANE G. REED
Its: Chapter 7 Trustee

Address: 501 N. College Street, Waxahachie, TX 75165

David W. Elmquist – SBT #06591300
REED & ELMQUIST, P.C.
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339 (direct)
(972) 923-0430 (fax)

ATTORNEYS FOR DIANE G. REED,
CHAPTER 7 TRUSTEE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| TAVA HEARD SMITH, | § § § | CASE NO. 14-33597-BJH-7 (Chapter 7) |
| Debtor. | § | |

### AFFIDAVIT OF DIANE G. REED, TRUSTEE

| | |
|---|---|
| **STATE OF TEXAS** | § § |
| **COUNTY OF ELLIS** | § |

**BEFORE ME**, the undersigned authority, on this day personally appeared **DIANE G. REED**, who, after being duly sworn, upon her oath deposed and stated as follows:

1. My name is Diane G. Reed. I am more than twenty-one (21) years of age and am competent and authorized to make this Affidavit. I have personal knowledge of the facts set forth herein and they are true and correct.

2. This Affidavit is filed in support of my Motion for an Order Approving the Sale of Certain Assets of the Debtor's Estate (Remnant Assets) Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363, which I instructed my counsel to file.

3. On July 30, 2014 (the "Petition Date"), Tava Heard Smith (the "Debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code and I was appointed the chapter 7 trustee.

4. Since being appointed, I have administered the Debtor's Estate for the benefit of her creditors in accordance with my power and duties as trustee. I am now in the process of winding down the administration of this case. To that end, I am engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

AFFIDAVIT OF DIANE G. REED, TRUSTEE - Page 1 of 3



EXHIBIT B

5. The Debtor filed her original Schedules on the Petition Date (the "Schedules").

6. On August 26, 2014, the Section 341 meeting of creditors was commenced (the "341 Meeting"). As a result of my questioning the Debtor additional assets were disclosed.

7. On August 29, 2014, the Debtor filed her Amended Schedule B to list the additional assets disclosed at the 341 Meeting (the "Amended Schedule B"). These assets included the Milkie Ferguson Claim and the Retirement Value Claim, as defined in the Motion, and were scheduled as value "unknown."

8. Following the Debtor's testimony regarding the foregoing claims and my receipt of documents regarding such claims, my counsel investigated the Milkie Ferguson Claim and determined there were no viable claims to pursue. My counsel also investigated the Retirement Value Claim and verified that the Debtor's Estate holds a claim in the Retirement Value receivership in the amount of $134,195.69 and that the receiver had made periodic distributions. In April 2016, the Debtor received a distribution from the receiver on the Retirement Value Claim of $4,657.20 that she did not remit to me, but after a demand made by my counsel it was turned over to me. However, no distributions have been made by the receiver since that time, and it is unknown when distributions will resume. As of September 30, 2019, the receiver estimated a liquidation recovery of $.35 on investors' claims, which would mean a value of $46,968.60 on the Retirement Value Claim.

9. At my direction my counsel began soliciting offers to purchase the Retirement Value Claim over a year ago. Several potential purchasers were contacted; however, only two offers were received. The highest offer received was from Argo Partners ("Argo") in the amount of $12,500.00 (the "Purchase Price") for not only the Retirement Value Claim but all known or unknown assets or claims, which have not been previously sold, assigned, or transferred, including unscheduled refunds, overpayments, deposits, judgments, claims, or other payment rights that would accrue in the future (collectively, the "Remnant Assets").

10. My counsel, at my direction, has conducted due diligence and has advised me that he remains unaware of the existence of any Remnant Assets other than those described in paragraph 7, above.

11. Based upon the foregoing I believe $12,500.00 in exchange for the Remnant Assets is a fair and reasonable offer. However, I have reserved the right to sell to a third party other than Argo if a materially higher offer, as determined by me, is received.

12. The Remnant Assets are to be sold pursuant to the terms of the Asset Purchase Agreement attached to the Motion as Exhibit A.

FURTHER SAYETH THE AFFIANT NOT.

DATED: January 31, 2020.

_____
Diane G. Reed, Trustee
501 N. College Street
Waxahachie, TX 75165
(972) 938-7334
(972) 923-0430 (fax)

STATE OF TEXAS       §
                     §
COUNTY OF ELLIS      §

This instrument was **SUBSCRIBED AND SWORN TO** before me on January 31, 2020, by **DIANE G. REED**, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

Linda Kaye Gordon
Notary Public
State of Texas
Comm. Expires 12-11-2020
Notary ID #867938-9

*In re Tava Heard Smith, Debtor*
Case No. 14-33597

United States Trustee
1100 Commerce Street, Room 976
Dallas TX 75242-0996

City of Mesquite & Mesquite ISD
c/o Schuerenberg & Grimes, P.C.
120 W. Main St., Suite 201
Mesquite, TX 75149

Capital One Bank (USA), N.A.
P.O. Box 71083
Charlotte, NC 28272-1083

Capital One, N.A.
c/o Becket & Lee, LLP
P. O. Box 3001
Malvern, PA 19355-0701

American InfoSource LP as agent for
TD Bank, USA
P.O. Box 248866
Oklahoma City, OK 73124-8866

Capital Recovery V, LLC
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

LVNV Funding LLC
c/o Resurgent Capital Services
P.O. Box 10587
Greenville, SC 29603-0587

PYOD LLC
c/o Resurgent Capital Services
P. O. Box 19008
Greenville, SC 29602